LIFE INSURANCE—TOTAL DISABILITY—CONDITIONS—WAIVER.

> A policy provided that, when certain officers of insurer had determined that insured was totally disabled, he should, on request, be paid one-half of the policy, at the option of the board of directors.    Insured demanded such payment, and the underwriter wrote that it was necessary for him to state that he was totally disabled, and to name the organic disease causing the disability.    On inquiry by a subsequent assignee of the policy, it repeated this statement, and told him that, on compliance with such request, blanks for proving the disability would be furnished.    *Held*, that the conditions requiring a determination of disability and an exercise of the option by insurer had not been waived.

Two actions by Charles C. Worthen against the Massachusetts Benefit Life Association to recover under the disability clause contained in policies issued by it.    Dismissed.

Edward K. Sumerwell, for plaintiff.

J. K. Hayward, for defendant.

CHESTER, J.    These two causes, tried together, present the same questions for determination.    The plaintiff is the assignee of two policies or certificates of membership issued by the defendant,—one to George W. Worthen, with his wife, Eveline, as the beneficiary, and the other to Eveline Worthen, with her husband, George W., as the beneficiary.    Each certificate binds the defendant, for the considerations therein named, to pay to the beneficiary, if living,—if not, to the heirs at law of the member,—in 60 days after due proof of the death of the member, a sum equal to the amount received from a death assessment on the membership, but not to exceed $5,000.    Each certificate also contains the following clause:

"In the event of said member becoming totally and permanently disabled, and the determining of such disability by the medical director and board of directors of said association, there shall be paid to said member, at the option of said board, if he shall so request in writing at any time while this policy is in full force, upon the surrender to said association of this policy and the cancellation of the same, in full discharge and settlement of all claims under this contract, a sum equal to one-half the face of his certificate or policy."

The actions are brought to recover $2,500 on each of the certificates, under this disability clause. It appears that, while these certificates were in full force, George W. Worthen wrote to the defendant a letter, of which the following is a copy:

"Lebanon, N. H., July 28, 1897.

"The Massachusetts Benefit Life Association, Boston, Mass.—Gentlemen: I hereby notify you that I am totally and permanently disabled, within the meaning of my policy in your association, No. 6,047, dated December 6, 1881, and that said policy is now in full force; and I offer to surrender it to said association for cancellation, upon receipt from you of a sum equal to one-half the face of the policy, and I request the same to be paid to me immediately, in full discharge of all claims under said contract.

"Yours, truly,          G. W. Worthen."

A letter in all respects identical with this, except as to the number of the policy, was written at the same time by Eveline Worthen. Both letters were delivered about the day of their date by the plaintiff to J. K. Hayward, agent and attorney of the defendant in New York, and were by him forwarded to the office of the defendant in Boston. On July 31, 1897, before receiving any reply to these letters, these actions were begun. The plaintiff, on the trial, gave evidence that would perhaps justify the court in holding that the insured, under these certificates, were both totally and permanently disabled at the time of making these demands for payment under the disability clause of their certificates, and at the time of the commencement of the actions. The defendant offered no proof to controvert this, but insists that the plaintiff failed to prove the conditions mentioned in the disability clause, which were thereby made conditions precedent to his right to recover thereunder. The plaintiff furnished no proof that the medical director and board of directors of the association had determined the disability of these members, or that such board had exercised its option to pay one-half the face of the certificate rather than to continue the insurance at the full amount. The plaintiff, however, urges that these conditions precedent to a recovery have been waived by the defendant, and in support of this read in evidence, without being objected to by the defendant, the following further correspondence relating to plaintiff's claim, all of which was subsequent to the commencement of the action, viz.:

"Massachusetts Benefit Life Association.

"Claim Department. Charles H. Bacall, Adjuster.

"Boston, August 4, 1897.

"Geo. W. Worthen, Esq., Lebanon, N. H.—Dear Sir: We have received from you and your wife, Eveline Worthen, by Charles H. Worthen, attorney, through the hand of Mr. J. K. Hayward, of New York, a notice that you are permanently and totally disabled, and requesting a settlement of your policy. It is necessary, as a first step, in all such cases, for the member to

state over his own signature that he is, in his opinion, permanently and totally disabled from some organic disease (naming it), which threatens the expectancy of life and renders him entirely helpless, and to request the necessary blanks. As soon as this is complied with, we will send you the necessary papers to prove your claim.

"Truly yours,                         Chas. H. Bacall, Adjuster."

"New York, Aug. 9th, 1897.

"C. H. Bacall, Esq., Adjuster Mass. Benefit Life Assoc., Boston—Dear Sir: Your favor of the 4th inst. to Mr. G. W. Worthen has been referred to me for reply, as both he and my mother, Eveline Worthen, have assigned their interests in the policies to me. They are both advanced in years and extremely feeble, so I do not feel like imposing any unnecessary hardship on them. I have fully complied with the requirements of the contract and by-laws, as I understand them. However, if you will kindly send me the papers referred to, I will give them proper attention.

"Yours, very truly,                         Chas. H. Worthen,
"Hotel Endicott, Columbus Ave., N. Y. City."

"Massachusetts Benefit Life Association.

"Claim Department. Charles H. Bacall, Adjuster.

"Boston, August 10, 1897.

"Chas. H. Worthen, Esq., Hotel Endicott, Columbus Ave., New York City—Dear Sir: Your favor of the 9th is at hand. I cannot find that any steps have been taken by either your father or your mother to prove a disability claim under their policy. I wrote both your father and your mother, stating that it was necessary, in cases of disability, for the member to state over his own signature that he was, in his opinion, permanently and totally disabled from some organic disease (naming it), which rendered him entirely helpless, and to request the necessary blanks. As soon as this is complied with, I will furnish them, or you, upon their order, with the necessary blanks in proof of alleged disability.

"Yours, truly,                         Chas. H. Bacall, Adjuster."

I do not think that the defendant by these letters has waived any condition of its contracts, or that it is estopped by anything contained in them from urging these conditions against the plaintiff's recovery. The cases which hold that where, with knowledge of a forfeiture, or of a breach of conditions or warranties which would defeat a claim under a policy, a company requires the insured to do some act in compliance with the terms of the policy, it thereby waives such forfeiture or breach, as matter of law, do not, in my opinion, apply here. Those cases go on the theory that the act so required of the insured is a recognition of the validity of the policy, and inconsistent with a defense based upon an alleged forfeiture or breach of conditions, and therefore amounts to a waiver or an estoppel. But here no such defense has been interposed. The defendant simply insists that the plaintiff has failed to prove a cause of action. It concedes that the policies are in all respects in full force. The requirement by the defendant of the insured, in this correspondence, to name the organic disease which caused the alleged disability, before being furnished with blanks upon which to make proof of such disability, may not have been justified by the express terms of the policies; but it seems to me it was not an unreasonable requirement, and it does not show an intent to waive any of the conditions of the policies. Nor was it inconsistent with an intent on the part of the defendant to give full force and effect to the disability clause of the policies upon the condi-

tions therein named.    The defendant was not bound to take the mere statement of the insured that they were permanently disabled. The medical director and board of directors of the defendant had the right, under the express terms of the policies, to determine the question whether or not the insured were in fact permanently disabled; and, even after they had determined that question in the affirmative, the board of directors of the defendant still had the option, under the policies, of saying whether the defendant would pay one-half the face value of the policies in full discharge of all claims under them, or continue them in force for the full amount.    The plaintiff, as the assignee of the beneficiaries under these policies, is entitled to recover under these disability clauses only upon a fair compliance with such regulations of the association as were made conditions precedent to payment in the contract of membership.    3 Am. & Eng. Enc. Law, (2d Ed.) 1109.    The plaintiff, having failed to prove that the medical directors and board of directors of the defendant had determined that the insured under these policies were totally and permanently disabled, and also that such board had exercised its option to pay under the disability clause, both of which matters are conditions precedent to the right of the beneficiaries to be paid under that clause, has not proven a cause of action. The complaint in each action must therefore be dismissed.

Complaints dismissed.